PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

### TYLER DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

| | |
|---|---|
| Randy Shawn Hobbs | George Beto Unit |
| PETITIONER | CURRENT PLACE OF CONFINEMENT |
| (Full name of Petitioner) | |
| vs. | TDCJ #02294254 |
| | PRISONER ID NUMBER |
| | 6:21CV480 JDK/JDL |
| Bobby Lumpkin, TDCJ Director | |
| RESPONDENT | CASE NUMBER |
| (Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner) | (Supplied by the District Court Clerk) |

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check <u>all</u> that apply)

| | | |
|---|---|---|
| ☑ | A judgment of conviction or sentence, probation or deferred-adjudication probation. | (Answer Questions 1-4, 5-12 & 20-25) |
| ☐ | A parole revocation proceeding. | (Answer Questions 1-4, 13-14 & 20-25) |
| ☐ | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-25) |
| ☐ | Other: _____ | (Answer Questions 1-4, 10-11 & 20-25) |

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: <u>91st Judicial District Court, Eastland County Texas</u>

2. Date of judgment of conviction: <u>August 6, 2019</u>

3. Length of sentence: <u>20 years TDCJ</u>

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: <u>Cause #25287, Bail jumping & Failure to Appear</u>

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)   ☑ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☑ Jury   ☐ Judge Only

7. Did you testify at trial?   ☐ Yes   ☑ No

8. Did you appeal the judgment of conviction?   ☑ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? <u>11th Court of Appeals</u>   Cause Number (if known) <u>11-19-00258-CR</u>

   What was the result of your direct appeal (affirmed, modified or reversed)? <u>Affirmed</u>

   What was the date of that decision? <u>11-13-2020</u>

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: <u>Due Process failure, Legal & factual insufficiency, Ineffective Assistance of Counsel</u>

   Result: <u>The Court of Criminal Appeals refused my PDR</u>

   Date of result: <u>01-27-2021</u>   Cause Number (if known): <u>PD-1205-20</u>

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☑ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: <u>91st Judicial District Court, Eastland, TX</u>

    Nature of proceeding: <u>Writ of Habeas Corpus 11.07</u>

    Cause number (if known): <u>Tr. Ct. No. 25287A, WR-92, 932-01</u>

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: <u>June 9, 2021</u>

Grounds raised: <u>Due Process Violation, Ineffective Assistance of Counsel and</u>

<u>other Constitutional and State Law Violations</u>

Date of final decision: <u>9-29-2021</u>

What was the decision? <u>Denied without Written Order</u>

Name of court that issued the final decision: <u>Court of Criminal Appeals of Texas</u>

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☑ No

   (a) If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future: _____

   _____

   (b) Give the date and length of the sentence to be served in the future: _____

   _____

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation? ☐ Yes ☐ No

    If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☐ No

16. Are you eligible for release on mandatory supervision? ☐ Yes ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days? ☐ Yes ☐ No

    If your answer is "yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

    Identify all other punishment imposed, including the length of any punishment if applicable and any changes in custody status: _____
    _____
    _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☐ No

    If your answer to Question 19 is "yes," answer the following:

    Step 1 Result: _____

Date of Result: _____

Step 2 Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** Denied Due Process of Law under the 14th Amendment when the State's officials used a "fataly defective Appearance Bail Bond" as evidence to authorize & support a conviction based upon it.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The record will reflect Hobbs bailed out of jail by signing an Appearance Bail Bond conditioned for his appearance in ("County Court) for a ("Misdemeanor") "See R.R. Vol-6, SX-1". The bond is fataly defective for it failed to state the correct court to appear in & failed to state the correct degree of the offense charged. A fatal variance and error is clearly shown as Hobbs has been charged with a felony that required his appearance in District Court. "See Indictment #25287".

B. **GROUND TWO:** Denied Due Process of Law under the 14th Amendment by a "unlawful conviction of Bail Jumping and Failure to Appear".

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The State fails to prove a vital element of Bail Jumping and Failure to Appear to authorize a conviction by failing to prove Hobbs "failed to appear in accordance with the terms of release" due to the fact that the terms of his release stated in his Appearance Bond failed to state the proper and correct court to appear in.

-6-

C. **GROUND THREE:** Hobbs was denied Due Process of Law under the 14th Amendment as the State used a "Judgment nisi that is fataly defective" as evidence to authorize and support a conviction based upon it.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Court's judgment nisi stated that the bond Hobbs was released on was conditioned for the appearance in District Court for a felony when the bond will reflect Hobbs was required to appear in County Court for a misdemeanor. fatal variance is clearly shown as the judgment nisi mistated the facts of the Appearance Bond. The State used this defected judgment misi as evidence, submitting it to a jury as true and correct evidence to authorize a conviction based upon it; violating Due Process. See R.R. Vol-6, SX-3 judgment nisi and R.R. Vol-6, SX-1 Bond

D. **GROUND FOUR:** Hobbs was denied effective assistance and Due Process under the 6th and 14th Amendment when the State and defense counsel Tommy Adams failed to disclose evidence in compliance with T.C.C.P Art. 39.14.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Hobbs filed a pro se motion for discovery to the Court and State and requested for his counsel to obtain any evidnece that would be used in trial. The State & defense counsel failed to disclose evidence for Hobbs to review and inspect, violating Due Process. The many errors, fatal variances and defective evidence for review in this 22.54 was only found after Hobbs was finally provided with the reporters records and reviewed the evidence, this shows Counsel's deficient preparation and lack of investigation.

21. Relief sought in this petition: Petitioner prays for any kind of relief, a acquital, set aside conviction, reverse and remand for new trial or new proceeding, or any relief the court may deem necessary for fair justice.

-7-

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☒ No
If your answer is "yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes ☒ No

If your answer is "yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: _Dietrich Odom_

   (b) At arraignment and plea: _Gary Peak_

   (c) At trial: _Tommy Adams_

   (d) At sentencing: _Tommy Adams_

   (e) On appeal: _I represented myself, pro se_

   (f) In any post-conviction proceeding: _pro se_

 (g) On appeal from any ruling against you in a post-conviction proceeding: <u>pro se</u>

___

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

___

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

 (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on December 7th, 2021 (month, day, year).

Executed (signed) on 12-7-21 (date).

*Randy Holeles* (signature)
Signature of Petitioner (required)

Petitioner's current address: BEto Unit 1391 FM 3328 Tenn. Colony, TX. 75880

-10-

ATTACHMENT STATING ADDITIONAL GROUNDS AND FACTS

GROUND FIVE: Hobbs was denied effective assistance of counsel under the 6th Amendment when defense counsel Tommy Adams failed to present powerful evidence available to him.

Supporting facts: Hobbs provided to defense counsel Tommy Adams a copy of three letters, two of the letters were from Mr. Hobbs' employers, Jeff & Gina Rigstad, who bailed Hobbs out of jail by cosigning for his bonds. The letter stated:"No bondsman or court notified them of any court hearing by mail or phone as promised by the bondsman."Had the letters been presented as a defense, it would have discredited the State's key witness, The Bondsman, who told the jury that his son notified Hobbs at the cosigner's address and phone number. See Clerk's Record, Pro Se Motion to Introduce Witness Testimony with Letters from Gina & Jeff Rigstad. See also: Bondsman Testimony R.R Vol-4, pg. 31 and Newly obtained Notorized Letters from Jeff & Gina Rigstad in this Attachment Exhibit.

GROUND SIX: Hobbs was denied effective assistance of counsel under the 6th Amendment when defense counsel Tommy Adams failed to contact witnesses as Hobbs had requested.

Supporting facts: Hobbs provided a copy of three (3) letters that he filed to the court in a pro se motion to introduce witness testimony to defense counsel that privided names, addresses and phone numbers. He requested for defense counsel to contact his witnesses which he failed to do. His witness, Jeff & Gina Rigstad, who employed Hobbs and cosigned for his bond were more than ready and willing to testify in trial to the fact that no court or bondsman contacted them by mail or phone to notify anyone of court as promised by the bondsman. Testimony from Jeff & Gina Rigstad would have provided a powerful defense by discrediting the bondsman's testimony that he called and notified them by mail and phone at their address and phone number. See: Testimony from Bondsman, R.R. Vol-4, pg. 31 and letters from Jeff & Gina in the Clerk's Record, Motion to Introduce Witness Testimony and Newly obtained letters in this attachment exhibit.

GROUND SEVEN: Hobbs was denied Due Process of Law under the 14 Amendment by his Notice to Appear, failing to meet due process requirements of Texas Code Criminal Procedure, Art. 22.05 Citation as in Civil Actions.

Supporting facts: For a notice to appear in court to be valid requires the court to send notice to the address as shown on the bond. A fatal variance is shown between the address shown on the bond and the Order setting status hearing/Notice to Appear. The court failed to send Notice to Appear to the address as shown on Hobbs

bond. Testimony from Rodney Fred Hobbs confirms that it is his address for 25 years, he is the father of Petitioner, Randy Hobbs and no court or bondsman provided any notice to appear by mail or phone at the bond address. See: R.R. Vol-6, SX-2 Notice to Appear, SX-1 and R.R. Vol-4, pg. 80-81 Testimony from Rodney Hobbs.

GROUND EIGHT: Hobbs was denied Due Process of Law under the 14th Amendment when the court failed to provide notice or proof of proper transfer from County Court to District Court.
Supporting facts: Hobbs was conditioned by terms of his release in his Appearance Bond to appear in County Court. No notice of transfer or proof of proper transfer can be found in the record, No hearing had been set or held in the County Court so the hearing in District Court was not a subsequent hearing conditioned for Mr.Hobbs' appearance. The court has failed to notify Hobbs that his appearance required in County Court by his bond had been transferred to the 91st District Court. See: R.R. Vol-6, SX-1 Bond and SX-3, Judgment nisi

GROUND NINE: Hobbs was denied his 6th Amendment right when the court failed to transfer venue for a fair and inpartial jury trial.
Supporting facts: The reporter's record will reflect Vol-3 Voir Dire, only 40 people showed up after being summoned and 17 out of the 40 were active or retired law enforcement officers and in addition, half of the jury raised their hands when asked if they personally knew the State's Attorney, Sheriff and/or Investigator that would be testifying. Hobbs filed a timely motion to transfer venue and the Judge stated that he had granted the request, but did not transfer the trial to a different venue. See: R.R. Vol-3 pg. 4

GROUND TEN: Hobbs was denied effective assistance of counsel under the 6th Amendment when Defense Counsel, Tommy Adams denied Hobbs his procedural right by a stipulation and agreement that was without Hobbs knowledge, consent or approval.
Supporting Facts: Defense Counsel denied Hobbs his procedural right to have his indictment read as a whole by a stipulation and agreement that was without Hobbs knowledge, consent or approval. See: R.R. Vol-4 pg. 9. The stipulation to not read the indictment as a whole has clearly avoided the fact that a fundamental fatal variance between the indictment and the bond that was attached to the indictment as Exhibit A. Please feel free to confirm the indictment #25287 states that Hobbs failed to appear in District Court for a felony in accordance with the terms of his release. However, the terms of release

stated in the bond are for Hobbs to appear in County Court for a misdemeanor. Had the indictment been read as a whole it would have proved Hobbs was not guilty of the offense as charged by the indictment.

GROUND ELEVEN: Hobbs was denied his 6th Amendment right to effective assistance of counsel when Defense Counsel Tommy Adams failed to subpoena the bondsman's phone records as Hobbs requested for him to do.
Supporting facts: On May 15, 2019, Hobbs had a Attorney-Client meeting with Tommy Adams and requested for Adams to subpoena the bondsman's phone records to prove that the bondsman did not call Hobbs at his phone number or his employers number to notify him of court. Mr. Adams failed to obtain the phone records as he promised to do and was ineffective at representing his client. The phone records would have discredited the State's key witness, the bondsman who told the jury that he had called Hobbs at both numbers.

GROUND TWELVE: Hobbs 5th Amendment right was violated when he was indicted, charged and convicted for bail jumping and failure to appear, an offense based on a underlying offense in violation of Double Jeopardy.
Supporting facts: The record will reflect Hobbs had been charged with burglary and theft. See: Vol-6, SX-10. On August 2, 2019, Hobbs advised Tommy Adams that he had signed a plea agreement for the burglary and that the theft charge was in violation of Double Jeopardy. However, the State to avoid jeopardy only held trial on the failing to appear for the theft charge. Therefore, the underlying theft charge, bail jumping and failure to appear should he held invalid violating jeopardy.

GROUND THIRTEEN: Hobbs was denied Due Process of Law and Due Process protections under the 14th Amendment, due to his indictment #25287 being fundamentaly fataly defective.
Supporting facts: Indictment #25287 states that Hobbs, after beign lawfully released from custody on a pending felony charge on the condition the he subsequently appear in court, intentionally and knowingly fail to appear in accordance with the terms of his release, for proof the indictment states to see bond attached hereto as Exhibit A. However, the terms of release stated in the bond are conditioned for Hobbs to appear in County Court for a misdemeanor. The indictment has misstated the facts of the bond and is fataly defective. See: Indictment #25287

GROUND FOURTEEN: Hobbs was denied Due Process of Law under the 14th Amendment when the government's officials failed to provide notice of a felony offense.

Supporting facts: Hobbs was indicted and convicted for bail jumping and failure to appear for a felony when the record will reflect a Migistrate Judge, Sheriff and Bondsman who are the government's authorized, approving officials have mistakenly written and approved Hobbs' Appearance Bail Bond for his appearance in County Court for a misdemeanor when it should have been for his appearance in District Court, for a felony. By failing to notify Hobbs that he was charged with a felony, has violated his right to be informed of the nature and cause of the accusation he would be facing for failing to appear for a felony. See: R.R. Vol-6, SX-1 Bond and SX-10 Magistrate Warning

GROUND FIFTEEN: Hobbs was denied effective assistance of counsel under the 6th Amendment when Tommy Adams prejudiced Hobbs defense by introduction a extranous offense as a defense.
Supporting facts: Defense Counsel submitted to the jury a extraneous offense as the only defendant's exhibit without providing any reasonable explanation as to how it would support Hobbs' defense. See: R.R. Vol-6, DX-1 and Vol-4, pg. 89. Counsel opend the door for the prosecutor to expand the extraneous offense which directed the jury to focus on a underlying extraneous offense which would surely prejudice the minds of the jury as they used a extraneous offense to reach a guilty verdict.

GROUND SIXTEEN: Hobbs was denied Due Process of law under the 14th Amendment by the failure to read his indictment as a whole.
Supporting facts: The State's attorney suppressed and inadvertently avoided revealing a fundamental fatal variance by failing to read the indictment as a whole. See: R.R. Vol-4, pg. 9. By reading the indictment as a whole it proves by its own factual statements that Hobbs was indicted for bail jumping and failure to appear in District Court for a felony stating to "See bond attached as exhibit A for proof." However, a fatal variance is clearly shown as the bond is conditioned for Hobbs to appear in County Court for a misdemeanor. See: indictment #25287

GROUND SEVENTEEN: Hobbs was denied effective assistance of counsel under the 6th Amendment when Defense Counsel Dietrich Odum failed to notify Hobbs of court hearing.
Supporting facts: The record will reflect the 91st Judicial District Judge ordered that any attorney representing Hobbs shall notify him of his status hearing. See: R.R. Vol-6, Sx-2. However Odum failed to notify Hobbs and the record will reflect that he quit working for Eastland County 91st Judicial District Court.

GROUND EIGHTEEN: Hobbs was denied Due Process of Law and Due Process pro-

tections under the 14th Amendment by the State's failure to prove vital elements to authorize a charged offense of bail jumping and failure to appear.
Supporting facts: To authorize a valid conviction of bail jumping and failure to appear would require the State to prove vital elements under TX. Penal Code 38.10. the State has failed to prove Hobbs was lawfully released from custody due to his appearance bail bond being fataly defective. See: Ground One. Furthermore the State fails to show that Hobbs intentionally and knowingly failed to appear due to the fataly defective bond and failing to provide Hobbs with the correct and proper court to appear in. To find Hobbs guilty of intentionally and knowingly failing to appear in accordance with the terms of his release would certainly require his bond to state the correct court to appear in. The State fails to prove vital elements violating due process.

GROUND NINETEEN: Hobbs was denied Due Process of Law and Due Process protections under the 14th Amendment when the State courts unreasonably applied the standard for a legal sufficiency of the evidence review request.
Supporting facts: Hobbs respectfully requested the State courts to review the record to determine if his conviction is legally sufficient as required by the standard set forth in certain Supreme Court cases. Jackson v. Virginia, 443 US 307, 99 S. Ct. 2781, 61 L. Ed 2d 560 (1979).

    Due Process requires the State to prove beyond a reasonable doubt every fact necessary to constitute the offense alleged and clearly when reviewing the fataly defective evidence, errors and fatal variances brought forth in this 2254. The State has not met its burden legally or factualy to authorize or sustain a conviction.

    I respectfully request the Federal Court to make your own review of this conviction for legal sufficiency after ruling on the grounds for review brought forth in this 2254.

    Is this conviction legally sufficient?

APRIL 30, 2021

    OUR NAMES ARE JEFF RIGSTAD & GINA RIGSTAD OUR PHONE NUMBER IS 817-550-7779. OUR ADDRESS IS 3430 KIRKLAND LANE WEATHERFORD TEXAS 76085. WE ARE THE OWNERS OF QUALITY USED TIRES & A RESIDENT AT THE ABOVE ADDRESS.

    RANDY SHAWN HOBBS WAS WORKING FOR US IN 2018 AND ON AUGUST 15, 2018 WE CO-SIGNED FOR A BOND TO BAIL OUT RANDY SHAWN HOBBS IN EASTLAND COUNTY USING BUDDY'S BAIL BONDS.

    WE PROVIDED TO THE OWNER OF BUDDY'S BAIL BONDS 'MR. MOSER' OUR ADDRESS AND PHONE NUMBER AS LISTED ABOVE AND WAS TOLD THAT HE WOULD NOTIFY US AND RANDY SHAWN HOBBS OF ANY COURT HEARING.

    HOWEVER, NO BONDSMAN OR NO COURT PROVIDED ANY NOTICE TO APPEAR BY MAIL OR PHONE AT THE ABOVE STATED ADDRESS OR PHONE NUMBER. THANK YOU FOR YOUR TIME.

JEFF & GINA RIGSTAD

*Jeff Rigstad*   5/10/21
*Gina Rigstad*   5/10/21

APRIL 30, 2021

Executed this 10th day of May, 2021 by Jeff Rigstad and Gina Rigstad.



KAREN BONE
Notary Public, State of Texas
Comm. Expires 07-19-2024
Notary ID 3631350

Karen Bone, Notary Public