IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| RANDY SHAWN HOBBS, | § | |
| TDCJ No. 02294254, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil No. 1:21-CV-00227-H |
| | § | |
| | § | |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

**RESPONDENT'S ANSWER WITH BRIEF IN SUPPORT**

Petitioner Randy Shawn Hobbs, a Texas state prisoner, challenges his conviction for bail jumping and failure to appear through a petition for writ of habeas corpus under 28 U.S.C. § 2254. (West 2021). He challenges the constitutionality of the judgments on nineteen grounds. The Court should dismiss the petition in its entirety with prejudice as meritless.

**JURISDICTION AND VENUE**

Hobbs seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and the parties, as the State court which convicted and sentenced him is in Eastland County, Texas, which is within this Court's jurisdiction. 28 U.S.C. § 124(a)(3) (West 2022).

1

## PETITIONER'S ALLEGATIONS

Respondent Bobby Lumpkin (Director) understands Hobbs to raise nineteen claims through the following grounds for relief:

1. The state relied on a fatally defective Appearance Bail Bond in order to convict him.
2. There was insufficient evidence to convict him because his bail bond failed to state the proper court to appear in.
3. The judgment nisi used to support the conviction was fatally defective because it said that he was required to appear for a felony when in fact he was supposed to appear for a misdemeanor.
4. He was denied effective assistance of counsel when he filed a pro se motion for discovery and the state and his attorney failed to disclose the evidence that he requested.
5. He received ineffective assistance of counsel when his attorney failed to investigate the bond cosigners as he suggested.
6. He received ineffective assistance of counsel when his attorney failed to investigate witnesses as he suggested.
7. He was denied due process because the address on the notice to appear was different than on the appearance bond.
8. He was denied due process when the court failed to provide notice or proof of proper transfer from county court to district court.
9. He was denied his right to an impartial jury when the court failed to transfer the venue.
10. He received ineffective assistance of counsel when his attorney waived the reading of the indictment.
11. He received ineffective assistance of counsel when his attorney failed to subpoena the bondsman's phone records.
12. Being convicted of the bail jumping as well as the underlying burglary and theft charges violated his Fifth Amendment right against double jeopardy.
13. He was denied due process because the indictment was fatally defective.
14. He was denied due process when the state failed to notify him that he was facing a felony rather than a misdemeanor for the underlying offense.

2

15. He received ineffective assistance of counsel when his attorney prejudiced his defense by introduction an extraneous offense as a defense.
16. He was denied due process when the state failed to read the indictment as a whole.
17. He received ineffective assistance of counsel when his attorney Dietrich Odom failed to notify him of the court hearing.
18. He was denied due process when the state failed to prove all of the elements of bail jumping at trial.
19. He was denied due process when the Eleventh Court of Appeals applied the sufficiency of the evidence standard laid out in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Fed. Pet.[1] at 6–7, 11–15.

## STATEMENT OF THE CASE

### I.    Procedural History.

The Director has lawful custody of Hobbs pursuant to a judgment and sentence entered by a Texas state court on August 6, 2019. CR[2], at 59–62 (Judgment of Conviction by Jury). In cause number 25287, Hobbs was found guilty after a jury trial of bail jumping and failing to appear, in the 91st

---

[1] "Fed. Pet" refers to Hobbs's form petition, ECF No. 1, followed by the page number assigned by the ECF system.

[2] "SHCR" refers to the Clerk's Record of pleadings and documents filed with the court during Petitioner's state habeas corpus proceedings. *See generally*, *Ex parte Hobbs*, Application No. WR-92,932-01, ECF No. 14. "CR" refers to the Clerk's Record of papers filed in the trial court and followed by the page number. "RR" refers to the statement of facts of the jury trial in the Reporter's Record, preceded by the volume number and followed by the page number. "SX" refers to the numbered exhibits offered by the State and admitted into evidence at trial. "DX" refers to the numbered exhibits offered by the defense and admitted into evidence at trial.

Judicial District Court of Eastland County, Texas. *Id*. He was sentenced to twenty years' confinement for this offense, to run concurrently. *Id*.

Hobbs appealed his conviction to the Eleventh Court of Appeals. CR at 73 (Notice of Appeal). Hobbs filed several appellant's briefs. *See* App. Brief Filed 01.09.20; App. Brief Filed 12.05.19; App. Am. Brief Filed. The Eleventh Court of Appeals identified two issues that Hobbs raised.

> In his first issue, Appellant argues that he is not guilty of the felony offense of bail jumping and failure to appear and that, if guilty, he is only guilty of a lesser offense: the misdemeanor offense of bail jumping and failure to appear. In his second issue, Appellant asserts that he is entitled to an acquittal because the trial court sent notice of the hearing to an incorrect address.

*Hobbs v. State*, No. 11-19-00258-CR, 2020 WL 6686188, at *1 (Tex. App. Nov. 13, 2020), petition for discretionary review refused (Jan. 27, 2021). The Eleventh Court of Appeals affirmed the trial court's judgment. *Id*. at 2.

Hobbs filed a petition for discretionary review (PDR) raising two issues:

1. Did the court of appeals err in holding that the appearance bail bond was sufficient evidence to convict despite the fact that it was defective in having incorrect information and errors and did not meet the requirements of Tex. Code Crim. P. Art. 17.08 (2), (3), (5)?
2. Did the court of appeals err in holding that the evidence in the record was sufficient to prove that the notice to appear was received by the defendant despite the fact that the notice to appear had been mailed to an incorrect address and therefore did not meet the due process requirements of Tex. Code Crim. P. Art. 22.05?

Orig. PDR at 6, 10. The Court of Criminal Appeals (CCA) refused Hobbs's PDR on January 27, 2021. *See* PDR Refusal.

Hobbs filed his state habeas application challenging this conviction on June 1, 2021,[3] and raised the same issues that he raises in the instant federal habeas petition, as well as several more that he does not challenge here. SHCR-01 at 6–55, 56. The Court of Criminal Appeals (CCA) denied this application without written order, on September 29, 2021. SHCR-01 at Action Taken.

Hobbs filed this federal habeas corpus petition on December 7, 2021.[4] Fed. Pet. at 10. This proceeding ensued.

## II. Statement of Facts.

Hobbs was arrested on felony theft charges. IV RR 26. He made arrangements with Buddy's Bail Bonds which posted bail. *Id.* at 25. Hobbs called into Buddy's Bail Bonds weekly and checked in with Buddy or Damon in order to verify upcoming court dates, or any changes in contact information. *Id.* at 24, 33, 43, 45. Hobbs was informed of the upcoming court date. *Id.* Hobbs failed to appear at the scheduled hearing. *Id.* at 50.

---

[3] The Fifth Circuit held that the prison mailbox rule applies to state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The Director reserves the right to argue a later filing date than the date petitioner signed his state habeas application.

[4] A federal petition is considered filed on the date it was delivered to prison authorities for mailing. *See Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009), citing *Spotville v. Cain*, 149 F.3d 374, 376—78 (5th Cir. 1998).

## STATE COURT RECORDS

Records of Hobbs's state habeas proceedings have been filed with the Court electronically. ECF No. 14. A copy of the state-court records will not be forwarded to Hobbs. An indigent inmate is not entitled to receive a free copy of his trial records for habeas corpus purposes. *See United States v. MacCollom*, 426 U.S. 317, 319 (1976); *Sixta v. Thaler*, 615 F.3d 569, 572 (5th Cir. 2010); *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973). Exhibit A is a copy of the indictment from the underlying theft case, case number 25201. This will be sent to the petitioner along with this answer.

## GENERAL DENIAL

The Director denies all of Hobbs's assertions of fact, except those supported by the record or those specifically admitted herein. In addition, the Director opposes any future, substantive motions filed by Hobbs and will respond to any such motions only upon order of the Court.

## RULE 5 STATEMENT

The Director believes that Hobbs's claims are not barred by the AEDPA statute of limitations. 28 U.S.C. § 2244(d) (West 2020). Further, the Director asserts that Hobbs has exhausted his state court remedies for his claims. 28 U.S.C. § 2254(b) (West 2020). Finally, the Director believes that Hobbs's claims are not subject to the successive petition bar. 28 U.S.C. § 2244(b) (West 2020). The Director reserves the right to raise exhaustion/procedural default, should

Hobbs or the Court interpret his claims differently than understood by the Director.

## ANSWER WITH BRIEF IN SUPPORT

Under 28 U.S.C. § 2254(d), a federal court may not issue a writ of habeas corpus for a defendant convicted under a state judgment unless the adjudication of the relevant constitutional claim by the state court, (1) "'was contrary to' federal law then clearly established in the holdings of" the Supreme Court; or (2) "'involved an unreasonable application of'" clearly established Supreme Court precedent; or (3) "'was based on an unreasonable determination of the facts' in light of the record before the state court." *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)); 28 U.S.C. § 2254(d). Thus, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'" on the correctness of the state court's decision. *Richter*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) (federal habeas relief is only merited where the state-court decision is both incorrect and objectively unreasonable, "whether or not [this Court] would reach the same conclusion"). Moreover, it is the state court's "ultimate decision" that is to be tested for unreasonableness, and not every jot of its reasoning. *Neal v. Puckett*, 286 F.3d

7

230, 246 (5th Cir. 2002) (en banc). And, even where the state court fails to cite to applicable Supreme Court precedent or is unaware of such precedent, AEDPA's deferential standard of review nevertheless applies "so long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]." *Early v. Packer*, 537 U.S. 3, 8 (2002); *Richter*, 562 U.S. at 101.

AEDPA also provides that the state court's factual findings "shall be presumed to be correct" unless the petitioner meets "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

## I.      Hobbs's Sufficiency of the Evidence Claims are Meritless. (Grounds 1, 2, 3, 7, 18, and 19).

Hobbs's alleges that the state relied on a fatally defective Appearance Bail Bond in order to convict him, that there was insufficient evidence to convict him because his bail bond failed to state the proper court to appear in, that the judgment nisi used to support the conviction was fatally defective because it said that he was required to appear for a felony when in fact he was

8

supposed to appear for a misdemeanor, that he was denied due process because the address on the notice to appear was different than on the appearance bond, that he was denied due process when the state failed to prove all of the elements of bail jumping at trial, and that he was denied due process when the Eleventh Court of Appeals applied the sufficiency of the evidence standard laid out in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Fed. Pet. at 6–7, 11–12, 14–15. These claims are meritless and should be denied and dismissed with prejudice.

In determining an insufficiency claim, a federal habeas court must consider whether, viewing the evidence "in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt." *Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000); *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). This inquiry must be conducted with "explicit reference to the substantive elements of the criminal offense as defined by state law," *Jackson*, 443 U.S. at 324 n.16; *Dupuy, supra*., and all credibility choices and conflicting inferences are to be resolved in favor of the verdict. *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999); *United States v. Nguyen*, 28 F.3d 477, 480 (5th Cir. 1994); *see Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1989) ("we should not substitute our view of the

evidence for that of the fact-finder"); *Cobb v. Wainwright*, 666 F.2d 966, 971 (5th Cir. 1982) ("the jury has the sole responsibility to judge the weight and credibility of the evidence"). The *Jackson* standard applies in both direct and circumstantial evidence cases. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir. 1990).

There was ample evidence presented at trial to support a finding of guilt for bail jumping and failure to appear. First, the bail bondsman, Mr. Valton "Buddy" Moser, testified that Hobbs was arrested on felony theft charges. IV RR 26. Mr. Moser also testified that Hobbs made arrangements with Buddy's Bail Bonds which posted bail. *Id.* at 25. He further testified that Hobbs called into Buddy's Bail Bonds weekly and checked in with him or Damon in order to verify upcoming court dates, or any changes in contact information and that Hobbs was informed of the upcoming court date. *Id.* at 24, 33, 43, 45. Deputy Windell Light testified that Hobbs failed to appear at the scheduled hearing. *Id.* at 50. The Court Coordinator, Tonya Orsini, testified that notice of the hearing was sent to Hobbs's mailing address. *Id.* at 91.

Here, on direct appeal, the court of appeals found the evidence sufficient to support the conviction that Hobbs committed felony bail jumping and failure to appear. *Hobbs v. State*, No. 11-19-00258-CR, 2020 WL 6686188 (Tex. App. Nov. 13, 2020), *petition for discretionary review refused* (Jan. 27, 2021). The

state appellate court also discussed the state's evidence that showed that the notice for the upcoming hearing was sent to Hobbs's mailing address and that the bail bondsman notified Hobbs of the hearing numerous times. *Id.* Specifically, the Court found, "the evidence supports his conviction under Section 38.10(f) for the third-degree felony offense of bail jumping and failure to appear" *Id.*

In the cases at bar, it was within the sole province of the jury as the finder of fact to assess the credibility of the witnesses and to choose among reasonable constructions of the evidence. *See United States v. Green*, 180 F.3d 216, 220 (5th Cir.1999); *United States v. Monroe*, 178 F.3d 304, 307 (5th Cir.1999); *United States v. Zuniga*, 18 F.3d 1254, 1260 (5th Cir. 1994). "It is the jury's 'unique role' to judge the credibility and evaluate the demeanor of witnesses and to decide how much weight should be given to their testimony." *United States v. Layne*, 43 F.3d 127, 130 (5th Cir.1995) (*citing United States v. Higdon*, 832 F.2d 312 (5th Cir. 1987)); *accord United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998). A jury is not to be second-guessed by a reviewing court in its choice of which witnesses to believe. *See United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995); *Zuniga*, 18 F.3d at 1260 (*citing United States v. Jones*, 839 F.2d 1041, 1047 (5th Cir.1998)).

The jury was the fact-finder and they weighed the credibility of the witnesses and resolved any conflict in the evidence against Hobbs. *See United*

11

*States v. Jennings*, 726 F.2d 189, 190 (5th Cir. 1984); *see also United States v. Landerman*, 109 F.3d 1053, 1067-68 (5th Cir.1997). Although the court may have been presented with conflicting evidence, the reconciliation of conflicts in the evidence is within the exclusive province of the finder of fact. *See Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986); *Allen v. State*, 899 S.W.2d 296, 300 (Tex. App.—Houston [14th Dist.] 1995, pet. granted on other grounds) (holding circumstantial evidence sufficient even though victim could not identify defendant in lineup or in court). On federal habeas review, "[a] federal court may not substitute its own judgment regarding the credibility of witnesses for that of the state courts." *Marler v. Blackburn*, 777 F.2d 1007, 1012 (5th Cir. 1985); *accord Maggio v. Fulford*, 462 U.S. 111, 113 (1983); *Scott v. Louisiana*, 934 F.2d 631, 634 (5th Cir. 1991); *Dunn v. Maggio*, 712 F.2d 998, 1001 (5th Cir. 1983). Moreover, "[t]he habeas corpus statute obliges federal judges to respect credibility determinations made by the trier of fact." *Pemberton v. Collins*, 991 F.2d 1218, 1225 (5th Cir. 1993) (*citing Sumner v. Mata*, 455 U.S. 591, 597 (1982)).

Thus, giving due deference to "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weight the evidence, and to draw reasonable inferences from basic facts to ultimate facts," the evidence presented at Hobbs's trial was enough to support his conviction for tampering

12

with physical evidence. *Jackson*, 443 U.S. at 319. The instant claim of insufficient evidence is nothing more than an improper attempt by Hobbs to have this court second-guess the jury's credibility choices, implicit factual findings, and resolution of conflicts in evidence. The state habeas court did not issue findings of fact, conclusions of law, and a recommendation to the CCA. *See generally* SHCR-01. Because the Eleventh Court of Appeals issued "the last reasoned opinion" on this matter, the intermediate appellate decision should be reviewed to determine whether the denial of this claim was contrary to, or an unreasonable application of, federal law. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). The court of appeals' conclusion that the evidence was sufficient to support the conviction is entitled to deference by this court, *Parker v. Procunier*, 763 F.2d 665 (5th Cir. 1985), and did not result in a decision that was contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d) (West 2021). As such, relief is barred by AEDPA's standard of review.

To the extent that Hobbs is questioning the Eleventh Court of Appeals' reliance on *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), he has not presented any caselaw to suggest that this case can be distinguished from *Jackson* or that *Jackson* has been overruled.

Thus, Hobbs's sufficiency of the evidence claim should be denied and dismissed with prejudice.

## II.     The State Court's Denial of Hobbs's Ineffective Assistance of Counsel Claims Were Reasonable.  (Grounds 4, 5, 6, 10, 11, 15, and 17)

### A.     Ineffective assistance of counsel standard of review

A defendant has the burden of establishing that he was deprived of effective assistance of counsel by a preponderance of the evidence.  *Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).  In *Strickland v. Washington*, the Supreme Court enunciated the familiar two-prong test for reviewing ineffective assistance of counsel claims.  466 U.S. 668, 687 (1984).

Under the first-prong of *Strickland*, a defendant must show that his trial counsel's performance was deficient.  *Id.*  In other words, the defendant must establish that his counsel's representation fell below an objective standard of reasonableness.  *Clark*, 227 F.3d at 282.  This showing requires a defendant to prove that his counsel made "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 689).  Additionally, courts "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir.

14

1992). Accordingly, courts "must be highly deferential" to counsel's performance. *Id.*; *see also Strickland*, 466 U.S. at 689. Every effort must be made to eliminate the "distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

Under the second-prong of the *Strickland* test, a defendant must show that his counsel's deficient performance prejudiced him. *Galvan*, 293 F.3d at 764. Thus, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Clark*, 227 F.3d at 283. "Even a deficient performance does not result in prejudice unless that conduct so undermined the proper functioning of the adversary process that the trial cannot be relied upon as having produced a just result." *Knox v. Johnson*, 224 F.3d 470, 479 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 687). A mere allegation of prejudice is not sufficient to satisfy the prejudice prong of *Strickland*. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Because a defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *Strickland*, 466 U.S. at 697.

In the context of appellate representation, the petitioner must first show that his counsel was objectively unreasonable, in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Then the petitioner has the burden of demonstrating prejudice;

15

that is, the petitioner must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal. *Id.*

Hobbs has attempted to show deficient performance by second-guessing counsel's decisions, *i.e.*, that counsel might have handled things differently. As such, Hobbs's claim fails to satisfy the first prong of *Strickland*. Indeed, this is precisely the type of claim disfavored by *Strickland*. 466 U.S. at 689 ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

Moreover, the deference afforded to the state court's denial of Hobbs's ineffective assistance of counsel claim is great. The question is not whether the state court's application of *Strickland* was incorrect, but rather was it unreasonable, a much higher standard. *Wooten v. Thaler*, 598 F.3d. 215, 222 (5th Cir. 2010), *citing Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). As the Supreme Court has explained, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123. Federal

16

court review of state court decisions is thus "doubly deferential." *Id.* Hobbs has not overcome this relitigation bar and, as such, his claims are without merit.

Finally, "[c]ounsel is not required to engage in the filing of futile motions and should not be required to raise futile defenses." *Bradberry v. Johnson,* 212 F.3d 595 (5th Cir. 2000); *see also United States v. Cronic*, 466 U.S. 648, 656, n. 19 (1984) ("Of course, the Sixth Amendment does not require that [trial] counsel do what is impossible or unethical"). Counsel is not required to make frivolous objections. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998); *McCoy v. Lynaugh*, 874 F.2d 954, 963 (5th Cir. 1989). It is settled that "failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness…." *Green*, 160 F.3d at 1037 (citing *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995)).

## B.   The discovery issue is meritless. (Ground 4).

In his fourth ground, Hobbs complains that he was denied effective assistance of counsel when he filed a pro se motion for discovery and the state and his attorney failed to disclose the evidence that he requested. Fed. Pet. at 7. This claim is without merit.

Although defendant possesses the right to counsel as well as the right to self-representation, there is no constitutional right to have both through a

"hybrid representation" scheme. *Randolph v. Cain*, 412 F. App'x 654, 658 (5th Cir. 2010), *citing McKaskle v. Wiggins*, 465 U.S. 168, 182 (1984).

Here, Hobbs was attempting to pursue discovery on his own while represented by attorney Tommy M. Adams. Because Hobbs has no right to hybrid representation, neither the state nor Mr. Adams were required to assist with or respond to Hobbs's discovery requests. Hobbs cannot show deficient performance or prejudice.

This claim should be denied and dismissed with prejudice.

**C.    The investigative issues are meritless. (Grounds 5, 6, and 11).**

In his fifth ground, Hobbs complains that he received ineffective assistance of counsel when his attorney failed to investigate the bond cosigners as he suggested. Fed. Pet. at 11. In his sixth ground, Hobbs complains that he received ineffective assistance of counsel when his attorney failed to investigate witnesses as he suggested. *Id*. In his eleventh ground, Hobbs complains that he received ineffective assistance of counsel when his attorney failed to subpoena the bondsman's phone records. *Id*. at 13. These claims are without merit.

First, Hobbs's allegations are conclusory. He has provided no evidence to substantiate his claims. A petitioner's factual averments and conclusory allegations cannot, in and of themselves, result in habeas corpus relief. *Ross*

18

*v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983). Second, these claims were implicitly rejected when the CCA denied habeas relief. These decisions are presumed to be correct under AEDPA. 28 U.S.C. § 2254(e)(1). "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

Finally, even assuming arguendo that Hobbs's claims are true, he does not even articulate, let alone demonstrate, any prejudice that has resulted. Without any prejudice, these claims must fail.

These claims should be denied and dismissed with prejudice.

### D.    The indictment issue is meritless. (Ground 10).

In his tenth ground, Hobbs complains that he received ineffective assistance of counsel when his attorney waived the reading of the indictment. Fed. Pet. at 12–13. This claim is without merit.

Contrary to Hobbs's assertions, the entire indictment was read into the record at the beginning of the trial. See IV RR at 9; CR at 10. The attached bond was not read into the record by stipulation. IV RR at 9. However, the appearance bail bond was offered, admitted and published during the state's case in chief. *Id*. at 26. Therefore, the jury had all the same information

available to them as they would have if it had been read to them at the reading
of the indictment.

Hobbs cannot demonstrate that Mr. Adams's performance was
deficient. It would have been futile, pointless, and redundant for Attorney
Adams to insist that the appearance bail bond be read into the record in its
entirety during the reading of the indictment. Therefore, Hobbs cannot show
that by failing to insist on the reading of the bail bond, that Attorney Adams's
representation fell below an objective standard of reasonableness. Hobbs has
not overcome the strong presumption in favor of finding that trial counsel
rendered adequate assistance and that the challenged conduct was the
product of reasoned trial strategy. *Strickland*, 466 U.S. at 689; *Wilkerson*, 950
F.2d at 1064. Hobbs also fails to meet his burden to affirmatively prove his
counsel's actions prejudiced his trial or that but for counsel's errors, the result
of the proceeding would be different. *See Strickland*, 466 U.S. at 693–94. "A
conscious and informed decision on trial tactics and strategy cannot be the
basis for constitutionally ineffective assistance of counsel unless it is so ill
chosen that it permeates the entire trial with obvious unfairness." *Green v.
Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (quoting *Garland v. Maggio*, 717
F.2d 199, 206 (5th Cir. 1983) (on rehearing)). Furthermore, "[a]n error by
counsel, even if professionally unreasonable, does not warrant setting aside

the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Hobbs has failed to establish that he was prejudiced by the actions of his trial counsel. Finally, Hobbs has not overcome the "doubly" deferential assumption in favor of the state court denial of this claim. *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Thus, this ground should be denied.

### E.     The extraneous offense issue is meritless. (Ground 15).

In his fifteenth ground, Hobbs complains that he received ineffective assistance of counsel when his attorney prejudiced his defense by introduction an extraneous offense as a defense. Fed. Pet. at 12–13. This claim is without merit.

During the trial, Attorney Adams introduced, and had admitted, the complained of information, contained in Defense Exhibit 1. IV RR 89; VI RR 33. While arguing over the relevancy of this exhibit, Attorney Adams explained that it's a companion case of the underlying felony in the instant case. IV RR 83. He further explained that DX1 showed that Hobbs gets his cases resolved. *Id*. at 84. Also, this misdemeanor was previously referenced in State's Exhibit 12. *Id*. at 83–84.

A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

21

*Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 689).  Additionally, courts "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

Here, Attorney Adams used the extraneous offense to show that Hobbs took care of his legal obligations, which would support Hobbs's theory of the case which was that he was simply unaware of the pending proceeding and never intended to absent himself from that proceeding. This falls well within reasoned trial strategy. Thus, Hobbs cannot show deficient performance. Additionally, Hobbs cannot show how the extraneous offense prejudiced him. First, the extraneous offense of theft is very different from bail jumping and failure to appear. Second, the jury would have become aware of this offense through State's Exhibit 12 anyway. Without any prejudice, this claim must fail.

This claim should be denied and dismissed with prejudice.

**F.    The hearing notification issue is meritless. (Ground 17).**

In his seventeenth ground, Hobbs complains that he received ineffective assistance of counsel when his attorney Dietrich Odom failed to notify him of the court hearing. Fed. Pet. at 14. This claim is without merit.

First, Hobbs's allegations are conclusory. He has provided no evidence to substantiate his claims. A petitioner's factual averments and conclusory allegations cannot, in and of themselves, result in habeas corpus relief. *Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983). Second, these claims were implicitly rejected when the CCA denied habeas relief. These decisions are presumed to be correct under AEDPA. 28 U.S.C. § 2254(e)(1). "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

Finally, even assuming arguendo that Hobbs's claims are true, he cannot demonstrate prejudice. Hobbs called into Buddy's Bail Bonds weekly and checked in with Buddy or Damon in order to verify upcoming court dates, or any changes in contact information. IV RR at 24, 33, 43, 45. And Hobbs was informed of the upcoming court date. *Id*. Thus, even if Attorney Odom did not inform Hobbs of the upcoming court date, his bail bondsman did inform him of the court date.

This claim should be denied and dismissed with prejudice.

23

G.    **The state court adjudication of these grounds is afforded AEDPA deference. (Grounds 4, 5, 6, 10, 11, 15, and 17)**

It is important to note that the state court reviewed and rejected these grounds in Hobbs's state habeas applications. SHCR-01 at 6–55; SHCR-01 at Action Taken. These decisions are presumed to be correct under AEDPA. 28 U.S.C. § 2254(e)(1). "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Thus, this denial is afforded AEDPA deference.

Hobbs has not demonstrated that counsel was deficient or that he was prejudiced.  The state court's denial of relief on this claim was reasonable and Hobbs has not overcome the "doubly" deferential assumption in favor of the state court denial.  *Richter*, 131 S. Ct. at 786.  This Court should also deny relief.

III.    **Hobbs's notice of transfer issue is Meritless. (Ground 8).**

Hobbs's eighth claim alleges that he was denied due process when the court failed to provide notice or proof of proper transfer from county court to district court. Fed. Pet. at 12. This claim is meritless and should be denied and dismissed with prejudice.

24

As the Eleventh Court of Appeals noted, the bail jumping case was always a felony charge. *Hobbs v. State*, No. 11-19-00258-CR, 2020 WL 6686188, at *1 (Tex. App. Nov. 13, 2020). Thus, this case was never in county court. There would not ever be a notice of transfer of the case when it was never in county court to begin with.

This ground should be denied and dismissed with prejudice.

**IV.    Hobbs's Trial Court Error Claim Regarding his Motion to Transfer Venue is Meritless. (Ground 9).**

Hobbs's ninth claim alleges that he was denied his Sixth Amendment right to an impartial jury when the court failed to transfer venue for a fair and impartial jury trial. Fed. Pet. at 12. The Director is construing this as a trial court error claim. This claim lacks merit.

To warrant relief, the trial court error must do more than merely affect the verdict; it must render the trial as a whole fundamentally unfair. *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984); *Nelson v. Estelle*, 642 F.2d 903, 907 (5th Cir. 1981). The test applied to determine whether an error by the trial court rendered the trial fundamentally unfair is if there is a reasonable probability that the verdict would be different had the trial been conducted properly. *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988). The United States Supreme Court has held that on federal habeas review of state court convictions, a federal harmless error standard applies. *Brecht v. Abrahamson*,

25

507 U.S. 619, 637–38 (1993); *Billiot v. Puckett*, 135 F.3d 311, 318 (5th Cir. 1998); *Vanderbilt v. Collins*, 994 F.2d 189, 198 (5th Cir. 1993). Thus, to be actionable, the trial court error must have "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht*, 507 U.S. at 637 (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); *Billiot*, 135 F.3d at 318; *Vanderbilt*, 994 F.2d at 199. Under this standard, a petitioner is not entitled to federal habeas relief based on trial error unless he can establish that the error resulted in actual prejudice. *Brecht*, 507 U.S. at 637. "[A] state defendant has no constitutional right to an errorless trial." *Bailey*, 744 F.2d at 1168; *accord Banks v. McGougan*, 717 F.2d 186, 190 (5th Cir. 1983). Further, state evidentiary rulings, even if erroneous, are not matters for federal habeas corpus review unless they are of such magnitude as to constitute a denial of fundamental fairness under the Due Process Clause. *Evans v. Thigpen*, 809 F.2d 239, 242 (5th Cir. 1987).

The Sixth Amendment, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, guarantees that an accused shall enjoy the right to a trial by an impartial jury. *Parker v. Gladden*, 385 U.S. 363, 364 (1966). Further, a federal court must initially presume that a jury was impartial. *U.S. v. Ruggiero*, 56 F.3d 647, 652 (5th Cir. 1995); *De La Rosa v. Texas*, 743 F.2d 299, 306 (5th Cir. 1984). The court will not readily presume

26

that a juror is biased. *Willie v. Maggio*, 737 F.2d 1372, 1379 (5th Cir. 1984). Finally, factual findings made by a state court regarding jury misconduct are entitled to a presumption of correctness under the federal habeas corpus statute. *Rushen v. Spain*, 464 U.S. 114, 120 (1983).

The voir dire process is intended "to provide the parties the benefit of an impartial trier of fact." *United States v. Buckhalter*, 986 F.2d 875, 879 (5th Cir. 1993). *See also United States v. Greer*, 968 F.2d 433, 437 (5th Cir. 1992) ("Voir dire examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges."). "Voir dire plays a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial jury will be honored." *King v. Lynaugh*, 850 F.2d 1055, 1058 (5th Cir. 1988) (cleaned up); *Hernandez Gonzalez v. Quarterman*, No. CIVA SA-06-CA-0354 N, 2006 WL 3098776, at *1 (W.D. Tex. Oct. 30, 2006).

Courts are vested with "substantial discretion" to grant or deny a defendant's motion to transfer venue. *United States v. Parker*, 877 F.2d 327, 330 (5th Cir. 1989). A transfer, then, is required only upon a strong showing of prejudice to the defendant if venue is not changed. *United States v. Duncan*, 919 F.2d 981, 985 (5th Cir. 1990).

As a preliminary matter, Hobbs is incorrect that the court granted his

motion to transfer venue. On the morning of jury selection, Hobbs's attorney informed the court that Hobbs had filed a motion to transfer venue. III RR at 4. He asked the court to carry along the motion during voir dire, and the court granted that request. *Id.* at 4–5. Satisfied with the empaneled members, this motion was not revisited. *See generally* III RR.

Hobbs does not allege or demonstrate that the jury panel was tainted by outside influence, or pre-trial publicity, or even commentary during jury selection. Fed. Pet. at 12. Instead, he argues that transfer of venue was necessary because seventeen of the forty member of the venire panel were affiliated with law enforcement. *Id.* However, this kind of bias is exactly what voir dire is designed to eliminate. *Buckhalter*, 986 F.2d at 879. And six potential jurors were excused. III RR at 89–92. Hobbs does not allege that the actually selected members of the jury were biased, just that the overall pool of potential jurors had a proportion of potential bias. Thus, Hobbs has failed to show prejudice.

It is important to note that the state court reviewed and rejected this ground in Hobbs's state habeas applications. SHCR-01 at 28–29; SHCR-01 at Action Taken. This decision is presumed to be correct under AEDPA. 28 U.S.C. § 2254(e)(1). "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are

28

necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Thus, this denial is afforded AEDPA deference.

Hobbs has failed to show that the trial court erred by denying his motion to transfer venue. Hobbs has not shown that he suffered from a biased jury. Because he cannot show that he suffered from a biased jury, he cannot establish that the trial court erred in denying Hobbs's motion. Hobbs has not demonstrated any trial court error occurred, much less that which denied him fundamental fairness. Further, the state court denial of this claim was reasonable. Hobbs has not shown that the denial of this claim was contrary to, or an unreasonable application of, federal law. His second claim does not merit federal habeas relief and should be dismissed with prejudice.

## V.      Hobbs was not Subjected to Double Jeopardy (Ground 12).

Hobbs twelfth claim alleges that his Fifth Amendment right was violated when he was indicted, charged and convicted for bail jumping and failure to appear, an offense based on an underlying offense of theft in violation of Double Jeopardy. Fed. Pet. at 13. This ground is meritless and should be denied with prejudice.

The double jeopardy clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of

29

life or limb." U.S. CONST. amend. V. This protection applies both to successive punishments and to successive prosecutions for the same criminal offense. *United States v. Dixon,* 509 U.S. 688, 696 (1993).

Hobbs is incorrect that his prosecution for bail jumping and failure to appear is barred by double jeopardy, due to having already been prosecuted for theft in the underlying case. Fed. Pet. at 13. First, these are separate criminal episodes. The theft occurred on or about August 11, 2018, and the bail jumping and failure to appear or about December 17, 2018. Exhibit A; CR at 10. Thus, these offenses satisfy the separate criminal transaction test laid out in *Blockburger. Blockburger v. United States*, 284 U.S. 299, 301 (1932). Second, theft and bail jumping and failure to appear contain completely separate elements, and thus satisfies the separate elements test under *Blockburger*. Tex. Penal Code § 31.03; Tex. Penal Code § 38.10; *Blockburger*, 284 U.S. at 304. "If each different statutory offense requires proof of a fact that the other does not, the *Blockburger* test is satisfied[.]" *U.S. v. Marden*, 872 F.2d 123, 125 (5th Cir. 1989). Therefore, Hobbs's double jeopardy claim is without merit.

It is important to note that the state court reviewed and rejected this ground in Hobbs's state habeas applications. SHCR-01 at 34–35; SHCR-01 at Action Taken. This decision is presumed to be correct under AEDPA. 28 U.S.C. § 2254(e)(1). "The presumption of correctness not only applies to explicit

findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Thus, this denial is afforded AEDPA deference.

Thus, Hobbs's claim must fail because his valid guilty plea bars federal habeas review of these claims. His twelfth claim should be dismissed with prejudice.

## VI.     Hobbs's challenges to his indictments are Meritless. (Grounds 13 and 14).

Hobbs's thirteenth claim alleges that the indictment was fundamentally defective because the attached bail bond itself contained mistakes. Fed. Pet. at 13. In his fourteenth claim, Hobbs claims that he was denied due process when the state failed to notify him that he was facing a felony rather than a misdemeanor for the underlying offense. Fed. Pet. at 13–14. The director is construing this claim as an attack on the indictment of his underlying offense. These claims are meritless and should be denied and dismissed with prejudice.

In criminal cases, the accused has the constitutional right "to be informed of the nature and cause of the accusation." U.S. CONST. amend. VI. In *United States* v. *Mills*, 7 Pet. 142, this was construed to mean, that the indictment must set forth the offence "with clearness and all necessary

certainty, to apprise the accused of the crime with which he stands charged;" and in *United States* v. *Cook*, 17 Wall. 174, that "every ingredient of which the offence is composed must be accurately and clearly alleged." *United States v. Cruikshank*, 92 U.S. 542, 558 (1875).

Hobbs's claims against his indictment cannot afford him federal habeas relief. First, his allegations of deficiencies in his indictment fail to state a federal constitutional violation and should be dismissed. "The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins* 12 F.3d 66, 68 (5th Cir. 1994) (citing *Branch v. Estelle*, 631 F.2d 1229 (5th Cir. 1980)). Further, the Fifth Circuit held ". . . that the district court would be required to accord due deference to the state courts' interpretations of its own law that a defect of substance in an indictment does not deprive a state trial court of jurisdiction." *Id*. at 69 (citing *Moreno v. Estelle*, 717 F.2d 171 (5th Cir. 1983). The court also found that "[t]he question whether a defective state indictment confers jurisdiction on the state trial court is a matter of state law." *Id*. When the Texas Court of Criminal Appeals denies a state writ without written order which raised the issue of the sufficiency of a state indictment, the court has implicitly determined that the indictment

confers jurisdiction on the trial court and is sufficient under state law. *Alexander v. McCotter*, 775 F.2d 595, 599 (5th Cir. 1985).

In the instant case, Hobbs raised this claim in his state habeas application, and the TCCA denied relief. SHCR-01 at 36–39; SHCR-01 at Action Taken. The implicit factual findings underlying the denial of Hobbs's state habeas application is entitled to a presumption of correctness which must be rebutted by a presentation of clear and convincing evidence, and Hobbs has failed to provide any evidence to rebut the finding. 28 U.S.C. § 2254(e); *Neal v. Puckett*, 239 F.3d at 69; *Valdez v. Cockrell*, 274 F.3d at 948 n.11. This includes the underlying findings that there were no jurisdictional defects in Hobbs's indictment. Furthermore, since the indictment in this case was sufficient under state law, this Court should inquire no further and deny relief on this claim. *McKay*, 12 F.3d at 68; *see also Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988) ("[i]f the question of the sufficiency of the indictment is presented to the highest state court of appeals, then consideration of the question is foreclosed in federal habeas proceedings.") (citing *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984)).

Consequently, Hobbs has failed to demonstrate that the state court's denial of relief was based on an unreasonable determination of clearly established facts or an unreasonable interpretation of clearly established

federal law. Hobbs is not entitled to relief on this ground and this claim should be denied.

## VII.      Hobbs's Reading of the Indictment Issue is Meritless. (Ground 16).

Hobbs sixteenth claim alleges that he was denied due process when the state failed to read the indictment as a whole. Fed. Pet. at 14. This ground is meritless and should be denied with prejudice.

Contrary to Hobbs's assertions, the entire indictment was read into the record at the beginning of the trial. See IV RR at 9; CR at 10. The attached bond was not read into the record by stipulation. IV RR at 9. However, the appearance bail bond was offered, admitted and published during the state's case in chief. *Id*. at 26. Therefore, the jury had all the same information available to them as they would have if it had been read to them at the reading of the indictment.

His sixteenth claim should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that this petition for writ of habeas corpus be dismissed with prejudice as meritless. The Director further respectfully requests that no certificate of appealability issue.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General for
Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

/s/ Patrick D. Todd
PATRICK D. TODD*
*Lead Counsel             Assistant Attorney General
State Bar No. 24106513

P. O. Box 12548,
Austin, Texas 78711-2548
(512) 936-1400
Facsimile No. (512) 936-1280
ATTORNEYS FOR RESPONDENT

35

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing

pleading is being served by placing the same in the United States Mail, postage

prepaid, on the 25th day of February, 2022, addressed to:

Randy Shawn Hobbs
TDCJ No. 02294254
Beto Unit
1391 FM 3328
Tennessee Colony, TX 75880

*/s/ Patrick D. Todd*
PATRICK D. TODD
Assistant Attorney General

36