UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

RANDY SHAWN HOBBS,

                Petitioner,

v.

DIRECTOR, TDCJ-CID,

                Respondent.

No. 1:21-CV-00227-H

**OPINION AND ORDER**

Petitioner Randy Shawn Hobbs, a self-represented state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and 20-year sentence out of Eastland County for bail jumping and failure to appear. Dkt. No. 1. Respondent filed an answer with copies of Petitioner's relevant state-court records. Dkt. Nos. 14, 15. Petitioner replied. Dkt. No. 18. As explained below, the Court finds that Petitioner has failed to overcome the difficult, deferential standard of 28 U.S.C. § 2254(d). Thus, the petition must be denied and dismissed with prejudice.

1. **Background**

Petitioner challenges his state-court conviction and prison sentence out of the 91st Judicial District Court of Eastland County, Texas. In cause number 25287, styled *State of Texas v. Randy Shawn Hobbs*, Petitioner was charged by indictment with felony bail jumping and failure to appear in violation of Texas Penal Code § 38.10(a), (f). Dkt. No. 15-2 at 18–19. Petitioner pled not guilty, but a jury found him guilty and sentenced him to 20 years in prison. Dkt. No. 14-30 at 319–21.

Petitioner appealed, but the Eleventh Court of Appeals affirmed his conviction. Dkt. No. 14-30 at 399–400; *Hobbs v. State*, No. 11-19-00258-CR, 2020 WL 6686188, at *1 (Tex. App. Nov. 13, 2020). Petitioner then sought discretionary review, but the Texas Court of Criminal Appeals (TCCA) refused. *See* Dkt. No. 14-31.

Petitioner then filed a state habeas application, raising all of the same grounds raised in the instant federal petition—as well as more that he does not raise here—but the TCCA denied the application without written order. Dkt. No. 14-28.

Petitioner timely filed his federal petition on December 7, 2021. The Court understands Petitioner to raise these grounds for relief:

1. He was denied due process when the State relied on a fatally defective Appearance Bail Bond as evidence to convict him.

2. There was insufficient evidence to convict him because the Appearance Bail Bond failed to state the proper court to appear in.

3. The judgment nisi used to support his conviction was fatally defective because it said that he was required to appear in district court for a felony when the Appearance Bail Bond stated that he was supposed to appear in county court for a misdemeanor.

4. He was denied effective assistance of counsel when his attorney, Tommy Adams, failed to investigate his case by obtaining evidence that Petitioner requested in a pro se motion for discovery.

5. He was denied effective assistance of counsel when his attorney failed to present powerful evidence consisting of letters stating that no one notified them of any court hearing by mail or phone.

6. He was denied effective assistance of counsel when his attorney failed to contact witnesses as Petitioner requested.

7. He was denied due process because the trial court failed to mail the Notice to Appear to the address on the Appearance Bail Bond, in violation of Texas Code of Criminal Procedure art. 22.05.

8. He was denied due process when the trial court failed to provide notice or proof of proper transfer from County Court to District Court.

9. The trial court erred when it failed to transfer venue for a fair and impartial jury.

10. He was denied effective assistance of counsel when his attorney stipulated by agreement to waive the reading of the indictment.

11. He was denied effective assistance of counsel when his attorney failed to subpoena the bail bondsman's phone records as requested by Petitioner.

12. His Fifth Amendment rights against double jeopardy were violated when he was convicted of bail jumping as well as the underlying burglary and theft charges.

13. He was denied due process because the indictment was fundamentally fatally defective.

14. He was denied due process because the State failed to provide notice that he was facing a felony rather than a misdemeanor for the underlying offense.

15. He was denied effective assistance of counsel when his attorney prejudiced his defense by introducing an extraneous offense.

16. He was denied due process when the State failed to read the indictment as a whole.

17. He was denied effective assistance of counsel when Dietrich Odom, his defense attorney in the underlying case (for which he failed to appear), failed to notify him of the court hearing.

18. He was denied due process when the State failed to prove all the elements of bail jumping and failure to appear at trial.

19. He was denied due process when the Eleventh Court of Appeals unreasonably applied the standard for legal sufficiency of the evidence in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Dkt. No. 1.

The Court notes that the bulk of Petitioner's grounds for review stem from what he characterizes as a "fatal defect" or error in the wording found on the Appearance Bail Bond attached to his indictment and used as evidence to convict him of bail jumping and failure to appear. The Court briefly summarizes the relevant facts: Petitioner was arrested on felony theft charges. He made arrangements with Buddy's Bail Bonds to post bail. As part

of those arrangements, Petitioner and Buddy's Bail Bonds executed an Appearance Bail Bond—a fill-in-the-blank form that was completed by the bail bondsman based on information provided by the jail.  The portion of that form that Petitioner challenges states that Petitioner stands charged with the offense of "<u>Misdemeanor</u>, to wit: <u>Theft of Property < 2500.00 2 or More P.C.</u>" and further that Petitioner was "required to give bail in the sum of this bond for his personal appearance before the <u>County</u> Court of <u>Eastland</u>, Texas."[1]  *See* Dkt. Nos. 15-2 at 4, 18-2 at 2.  Petitioner was released on bond, but subsequently failed to appear for a hearing in the theft case.  And for that reason, Petitioner was charged with and ultimately convicted of the third-degree felony offense of bail jumping and failure to appear—the conviction he challenges here.  But Petitioner argues, essentially, that he could not be convicted of felony bail jumping and failure to appear because the Appearance Bail Bond stated that he was charged with a "misdemeanor" offense, and that he was required to appear in "county" court, rather than "district" court, where the missed hearing occurred.

      Respondent contends that Petitioner's claims are all without merit and fail to overcome the deferential standard imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See* Dkt. No. 15.  Respondent argues that the state court reasonably rejected Petitioner's claims about the sufficiency of the evidence (grounds 1, 2, 3, 7, 18, 19).  In doing so, Respondent points out that there was plenty of evidence to support the conviction, but Petitioner simply disagrees with the jury's credibility choices, implicit factual findings, and resolution of conflicting evidence.  Respondent also argues that the state court reasonably concluded that Petitioner's attorney was not ineffective, because

---

[1] The underlined portions are the blanks filled in by the bail bondsman.

Petitioner has not shown deficient performance or prejudice under *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Thus, Respondent asserts that grounds 4, 5, 6, 10, 11, 15, and 17 should be dismissed with prejudice.  Finally, Respondent argues that Petitioner's claims about trial-court error (grounds 8, 9, 16), the indictment (grounds 13, 14), and double jeopardy (ground 12) are wholly meritless and should be dismissed with prejudice.

In reply, Petitioner reasserts each of his claims and disagrees with the Respondent's interpretation of some of his grounds.[2]  *See* Dkt. Nos. 18, 18-1.  Petitioner urges the Court to consider his claims, vacate his conviction and sentence, and either order that the charges be dismissed or that he be granted a new trial.  Dkt. No. 18-1 at 15.

## 2.      Legal Standard

Section 2254 provides federal courts with a limited, but important opportunity to review a state prisoner's conviction and sentence.  *See Harrington v. Richter*, 562 U.S. 86, 103 (2011).  This statute, as amended by AEDPA, creates a "highly deferential standard for evaluating state-court rulings, . . . which demands that state-court decisions be given the benefit of the doubt."  *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal quotation marks omitted).

The basic structure of the federal habeas statute is "designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions."  *Richter*, 562 U.S. at 103.  First, the statute requires that a habeas petitioner exhaust his claims in state court.  28 U.S.C. § 2254(b).  If the state court dismisses the claim on procedural grounds, then the claim is barred from federal review unless the petitioner shows

---

[2] Petitioner specifically disagrees with the Respondent's interpretation of his ground 4 to concern hybrid representation, clarifying that his claim is regarding trial counsel's failure to disclose evidence for the petitioner's personal review.  The Court finds, however, that Petitioner's clarification does not overcome the doubly deferential assumption in favor of the state-court denial of this claim.

cause and prejudice. *Richter*, 562 U.S. at 103. And if the state court denies the claim on the merits, then AEDPA's relitigation bar applies. *Lucio v. Lumpkin*, 987 F.3d 451, 464–65 (5th Cir. 2021).

 **A.** **AEDPA's Relitigation Bar**

 Once a state court has rejected a claim on the merits, a federal court may grant relief on that claim only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

 A state-court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby*, 359 F.3d at 713. A decision constitutes an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Pierre v. Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (explaining that a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Federal habeas relief is precluded even when the state court's factual determination is debatable. *Id.* at 303. State-court factual determinations are entitled to a "presumption of correctness" that a petitioner may rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This "deference extends not only to express findings of fact, but to the implicit findings of the state court." *Ford v. Davis*, 910 F.3d 232, 234–35 (5th Cir. 2018).

State courts need not provide reasons for their decisions, and even summary denials of relief are entitled to substantial deference. *Richter*, 562 U.S. at 100–01. Of course, when the state high court "explains its decision on the merits in a reasoned opinion," then the federal court's review is straightforward—it "simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018). But when reviewing a summary denial, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Id.* If the lower court's rationale is reasonable, the federal court must "presume that the unexplained decision adopted the same reasoning." *Id.* This presumption may be rebutted, however, by evidence that the summary decision "relied or most likely did rely on different grounds." *Id.* at 125–26. And when the lower state court decision is unreasonable, then it is more likely that the state high court's single-word decision rests on alternative grounds. *Id.* at 132.

In short, a reviewing court cannot "overlook[] arguments that would otherwise justify the state court's result." *Richter*, 562 U.S. at 102. A federal habeas court "must

determine what arguments or theories supported, or . . . could have supported, the state court's decision" before considering "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent" with Supreme Court precedent. *Id*. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Moreover, "federal habeas relief does not lie for errors of state law," and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991); *West v. Johnson,* 92 F.3d 1385, 1404 (5th Cir. 1996). AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas review is reserved only as a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102–03. This standard is intentionally "difficult to meet." *Id.*

Finally, federal habeas review is limited "to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). In short, to overcome AEDPA's highly deferential, difficult standard, a petitioner "must show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny . . . relief was contrary to or an unreasonable application

of clearly established federal law as determined by the Supreme Court." *Evans v. Davis*, 875 F.3d 210, 217 (5th Cir. 2017).

      **B.**    **Ineffective Assistance of Counsel**

The well-known standard applicable to ineffective-assistance-of-counsel claims is explained in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Under the two-pronged *Strickland* test, a petitioner must show that counsel's performance was both deficient and prejudicial. *Id.* at 687. An attorney's performance was deficient if the attorney made errors so serious that the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.* That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession.

A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689. A strong presumption exists "that trial counsel rendered adequate assistance and that the challenged conduct was reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 694).

Additionally, a petitioner must show that counsel's deficient performance prejudiced the defense. To establish this prong, a petitioner must show that counsel's errors were so serious as to deprive petitioner of a fair trial. *Strickland*, 466 U.S. at 687. Specifically, to prove prejudice, a petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness

does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). This is a heavy burden that requires a "substantial," and not just a "conceivable," likelihood of a different result. *Richter*, 562 U.S. at 112; *see also Pinholster*, 563 U.S. at 189.

In the context of § 2254(d), the deferential standard that must be given to counsel's representation must also be considered in tandem with the deference that must be accorded state-court decisions, which has been called "doubly" deferential. *Richter*, 562 U.S. at 105. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. Additionally, if a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland,* 466 U.S. at 697.

### C.    Harmless-Error Analysis

Even if a petitioner satisfies the onerous requirements of AEDPA, a federal court cannot grant relief unless the petitioner also proves that the state-court error was prejudicial. *Brown v. Davenport*, 596 U.S. 118 (2022). To do so, the petitioner must show that the error was not harmless. In other words, the petitioner must establish that the state-court error had a "substantial and injurious effect or influence" on the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 622 (1993).

### 3.    Analysis

The Court thoroughly examined Petitioner's pleadings, Respondent's answer, the relevant state court records, and the applicable law. The Court finds that an evidentiary

hearing is not necessary to resolve the instant petition. *See Young v. Herring*, 938 F.2d 543, 560 n.12 (5th Cir. 1991) ("[A] petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction."). As explained below and based on the facts and law set forth in Respondent's answer, the Court denies Petitioner's claims because he has not overcome AEDPA's relitigation bar.

Petitioner raised each of his claims in his state habeas proceedings, and the TCCA considered and rejected them on the merits.[3] The TCCA's summary denial is entitled to substantial deference. *Richter*, 562 U.S. at 100–01. And as thoroughly explained by Respondent, Petitioner has not met the demanding standard for overcoming that deference.[4] Simply put, he has failed to show that the state court's ruling on his claims was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. *See id.* at 102.

In sum, Petitioner has failed to show that the state-court's adjudication of his claims resulted in a decision contrary to clearly established federal law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Petitioner has also failed to identify any error that had a substantial and injurious effect on the verdict. *Brecht*, 507 U.S. at 622. Thus, he is not entitled to federal habeas relief.

---

[3] Under Texas law, denial of a habeas petition, rather than a dismissal, signifies that the state habeas court's adjudication of claims was on the merits. *See Salazar v. Dretke,* 419 F.3d 384, 398–99 (5th Cir. 2005).

[4] Respondent has adequately addressed each of Petitioner's grounds, and the Court need not repeat its arguments. *See* Dkt. No. 15, 8-33.

4.     **Conclusion**

For the reasons discussed above and based on the facts and law set forth in Respondent's answer, the Court denies the petition and dismisses this civil action with prejudice.

Additionally, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong," or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). As a result, the Court denies any request for a certificate of appealability.

So ordered.

The Court will enter judgment accordingly.

Dated February 26, 2025.

James Wesley Hendrix
United States District Judge